QUESTION: What judge should hear proceedings for driver's license suspension upon the refusal of a juvenile to take a breathalyzer test?
SUMMARY: Under s. 39.01(29), F.S., driving while under the influence of alcoholic beverages is considered an act of delinquency. Therefore, a hearing to determine the propriety of suspension of a juvenile's license for refusal to take a breathalyzer test should be held in the court having jurisdiction of the offense for which the juvenile is charged, the circuit court. A person charged with driving while under the influence of alcoholic beverages who refuses to submit to a chemical test of his breath has a right to a hearing before his privilege to operate a motor vehicle is suspended. Section 322.261(1)(d), F. S., provides: Suspension of license; chemical test for intoxication: (d) The department shall immediately send notification to such person, in writing by certified mail to his last known address furnished to the department, of the action taken and of his right to petition for hearing as hereinafter provided and to be represented at the hearing by legal counsel. Such mailing by the department will constitute notification as required by this section, and any failure by the person to receive such notification will not affect or stay such suspension order. Upon his petition in writing, a copy of which he shall forward to the department, being filed within ten days from the date of receipt of the notice, directed to the municipal, county, or state court having trial jurisdiction of the offense for which he shall stand charged such person shall be afforded an opportunity for a hearing at a time to be set by the court, which hearing date shall be within twenty days of the filing of the petition with the court. . . . The Department of Highway Safety and Motor Vehicles must be notified and petition for a hearing must be directed to the "municipal, county, or state court having trial jurisdiction of the offense for which he shall stand charged." Sections39.01(29) and 39.02(1), F.S., dealing with juveniles are as follows: 39.01 Definitions. — When used in this chapter: (29) "Juvenile traffic offense" means a violation by a child of a state law or local ordinance governing the use of a motor vehicle as set out in chapter 316 or ordinances supplemental thereto with the following exceptions defined therein: (a) Fleeing or attempting to elude a police officer; (b) Leaving the scene of an accident involving death or personal injuries; or (c) Driving while under the influence of alcoholic beverages, narcotic drugs, barbiturates, or other stimulants. The offenses listed in paragraphs (a), (b) and (c) shall be considered acts of delinquency. 39.02 Jurisdiction. — (1) The circuit court shall have exclusive original jurisdiction of proceedings in which a child is alleged to be dependent, delinquent, or in need of supervision. The circuit court shall have jurisdiction in cases involving juvenile traffic offenses only if the court having jurisdiction over traffic offenses waives jurisdiction and certifies the case to the circuit court. In such cases a petition shall be filed in the circuit court and the case shall be heard de novo as a delinquency proceeding. Ordinarily, a juvenile traffic offense does not come under the jurisdiction of the circuit court. However, s. 39.01(29), supra, specifically states that "driving while under the influence of alcoholic beverages, narcotic drugs, barbiturates, or other stimulants," shall be considered an act of delinquency, not just a traffic offense. Further, s. 39.02(1), supra, places with the circuit court exclusive original jurisdiction of proceedings in which a juvenile is alleged to be delinquent. It is the clear and expressed intent of the legislature to assure that all juveniles brought to the attention of the courts receive care, guidance, and control which will be conducive to the juvenile's welfare and in the best interest of the state. See s. 39.001, F.S. The procedure outlined by the legislature provides that the circuit court have jurisdiction when a juvenile is alleged to be delinquent. In the face of this statutory language, it must be concluded that the circuit court is the court having trial jurisdiction of the offense for which the juvenile shall stand charged.